# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL J. LUTTER,<br><br>       Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>       Defendant. | 3:17-cv-00260-HDM-VPC<br><br><br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Howard D. McKibben, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for reversal and/or remand (ECF No. 16) and defendant's cross-motion to affirm (ECF No. 21). Plaintiff did not file a reply. For the reasons set forth herein, the court recommends that plaintiff's motion be denied, and defendant's cross-motion be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 3, 2013, Daniel J. Lutter ("plaintiff") protectively filed for Social Security Disability Insurance ("SSDI") benefits and a period of disability under Title II of the Social Security Act. (Administrative Record ("AR") 25, 185–95.) Plaintiff additionally filed for Supplemental Security Income ("SSI") on April 8, 2014. (AR 25.) Plaintiff alleged a disability onset date of March 14, 2013. (*Id.* 25, 195–98.) The Social Security Administration denied plaintiff's application in the first instance on November 25, 2013, and upon reconsideration on March 25, 2014. (*Id.* at 25, 72–94.)

On June 8, 2015, plaintiff and his attorney appeared at a hearing before Administrative Law Judge ("ALJ") Eileen Burlison. (*Id.* at 40–71.) Jacklyn Benson-Dehaan, a vocational expert ("VE"), also appeared at the hearing. (*Id.*) The ALJ issued a written decision on July 20, 2015,

finding that plaintiff had not been disabled at any time between the alleged onset date and the date of the decision. (*Id.* at 22–39.) Plaintiff appealed, and the Appeals Council denied review on June 13, 2016. (*Id.* at 1–7.) Accordingly, the ALJ's decision became the final decision of the Commissioner.

Having exhausted all administrative remedies, plaintiff filed a complaint for judicial review on August 12, 2016. (ECF No. 1-1.) In his motion for remand or reversal, plaintiff contends that (1) the ALJ's residual functional capacity ("RFC") assessment as to his mental impairments lacked the support of substantial evidence, and (2) the ALJ's credibility determination lacked the support of substantial evidence. (ECF No. 16.)

## II. STANDARD OF REVIEW

The initial burden of proof to establish disability in a claim for SSDI benefits rests upon the claimant. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To satisfy this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

This court has jurisdiction to review an ALJ's decision to deny a claim for benefits after the claimant has exhausted all administrative remedies. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161–62 (9th Cir. 2012). The court must affirm the ALJ's decision unless it rests on legal error or is unsupported by substantial evidence in the administrative record. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). The substantial evidence standard is not onerous. It is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (internal quotation omitted).

Although the ALJ need not discuss every piece of evidence in the record, she cannot ignore or omit evidence that is significant or probative. *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012). The ALJ's discussion must adequately explain the decision in light of such evidence.

"The ALJ, not the district court, is required to provide specific reasons for rejecting [the evidence.]" *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (specifically discussing rejection of lay testimony). The district court's review is thus constrained to the reasons asserted by the ALJ. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

To determine whether substantial evidence exists, the court must look at the record as a whole, considering both evidence that supports and undermines the ALJ's decision; it "may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (internal quotation omitted). Where "the evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (internal quotation omitted). The ALJ alone is responsible for determining credibility and resolving ambiguities. *Garrison*, 759 F.3d at 1010.

### III. DISCUSSION

**A. SSDI claims are evaluated under a five-step sequential process.**

The Commissioner follows a five-step sequential process for determining whether a claimant is "disabled" for the purposes of SSDI. 20 C.F.R. § 404.1520(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one directs the ALJ to determine whether the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the Commissioner denies the claim. *Id.* § 404.1520(b).

The second step requires the ALJ to determine whether the claimant's medically determinable impairment is "severe." *Id.* § 404.1520(a)(4)(ii). "Severe" impairments are those that significantly limit the claimant's physical or mental ability to do basic work activities. *Id.* § 404.1520(c). The Commissioner will deny the claim if the claimant lacks a severe impairment or combination of impairments. *Id.*

At step three, the claimant's impairment is compared to those listed in the Social Security Regulations at 20 C.F.R. Pt. 404, Subpart P, Appendix 1. *Id.* § 404.1520(a)(4)(iii). The list in Appendix 1 "define[s] impairments that would prevent an adult, regardless of his [or her] age, education, or work experience, from performing *any* gainful activity, not just substantial gainful activity." *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (internal quotation omitted) (emphasis in

original). Where the claimant's impairment is on the list, or is equivalent to a listed impairment, and the claimant also meets the corresponding durational requirement, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d). However, for an impairment to match a listing, "it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Zebley*, 493 U.S. at 530 (emphasis in original).

If the Commissioner does not find disability at step three, review of the claim proceeds to step four. There, the ALJ considers whether the claimant can perform past relevant work despite the severe impairment. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled. *Id*. § 404.1520(e). The ALJ will find that the claimant can return to past relevant work if he or she can perform the "actual functional demands and job duties of a particular past relevant job" or the "functional demands and job duties of the [past] occupation as generally required by employers throughout the national economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (internal quotation omitted).

In making the step four determination, the ALJ considers the claimant's RFC and the physical and mental demands of the work previously performed. 20 C.F.R. § 404.1520(f); *see also Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). The RFC is the most the claimant can do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1). To determine the claimant's RFC, the ALJ must assess all the evidence, including medical reports and descriptions by the claimant and others of the claimant's relevant limitations. *See id*. § 404.1545(a)(3). The ALJ is not, however, required to accept as true every allegation the claimant offers regarding his or her limitations. *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007). The ALJ must follow a two-prong inquiry where the claimant alleges subjective pain or symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007); *see also* SSR 96-7p, 61 Fed. Reg. 34483 (July 2, 1996). First, the ALJ determines "whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter*, 504 F.3d at 1036 (internal quotation omitted). Second, if the first prong is met and no evidence suggests that the claimant is a malingerer, the ALJ may reject the claimant's allegations only by articulating "clear and convincing" reasons for doing so. *Id*.

The "clear and convincing" standard is the most demanding standard in Social Security case law, *Garrison*, 759 F.3d at 1015, and it requires the ALJ to "specifically identify the testimony she or he finds not to be credible and [to] explain what evidence undermines the testimony," *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). The ALJ must therefore cite to the record and discuss specific evidence therein. *See Vasquez v. Astrue*, 572 F.3d 586, 591–92, 592 n.1 (9th Cir. 2008); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ may consider a variety of factors in weighing a claimant's credibility, including inconsistencies in a claimant's testimony, his or her reputation for truthfulness, an inadequately explained failure to seek treatment, or a lack of support from the medical evidence. 20 C.F.R. § 404.1529(c); *Orn*, 495 F.3d at 636. The focus, however, is ultimately upon the reviewing court. The credibility determination must be "'sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony.'" *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) (quoting *Rollins v. Massanari*, 261 F.3d 853, 856–57 (9th Cir. 2001)).

If step four demonstrates that the claimant cannot do the work he or she did in the past, the burden shifts to the Commissioner to establish, in step five, that the claimant can perform jobs available in the national economy. 20 C.F.R. § 404.1560(c). There, the ALJ must consider the claimant's RFC, age, education, and past work experience to determine whether the claimant can do other work. *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007). The ALJ will typically reference "the grids," under which a finding of disability may be directed, and also consider the testimony of a VE. *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). Where the grids do not direct a finding of disability, the ALJ must identify other jobs that the claimant can perform and which are available in significant numbers in the claimant's region or in several regions of the United States. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1560(c). If the ALJ establishes that the claimant's RFC and transferable skills allow him or her to perform other occupations, the claimant is not disabled. 20 C.F.R. § 404.1566. Conversely, if the ALJ concludes that the claimant cannot adjust to any other work, he or she is disabled and entitled to benefits. *Id*. § 404.1520(g).

**B.     The ALJ followed the five-step process and concluded that plaintiff was not disabled.**

In reviewing plaintiff's claims for benefits, the ALJ followed the five-step process described above. The ALJ first determined that plaintiff had not engaged in substantial gainful activity since March 14, 2013, the alleged onset date. (AR 27.) At step two, the ALJ found that plaintiff's lumbar degenerative disc disease, with remote history of surgery, asthma/chronic obstructive pulmonary disease, and paroxysmal superventricular tachycardia were severe impairments that significantly limited his ability to perform basic-work related functions. (*Id.*) The ALJ considered objective evidence of plaintiff's depression, but found it to be non-severe. (*Id.* at 27–28.) At step three, the ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. (*Id.* at 28.)

The ALJ proceeded to step four and made several findings. To begin, the ALJ concluded that plaintiff had the RFC to perform medium work, with some limitations. (*Id.*) For example, plaintiff must avoid jobs that require repetitive climbing and stooping. (*Id.*) Plaintiff must also avoid conditions of extreme cold, heat, and humidity. (*Id.*) The ALJ also found that he should work in an environment free of fumes, odors, and dust, and should avoid hazards such as working at heights or operating moving machinery. (*Id.*) Next, the ALJ found that plaintiff's impairments could be expected to cause some of the symptoms alleged, but that his statements regarding the intensity, persistence, and limiting effects of those symptoms were not entirely credible. (*Id.* at 29.) The ALJ cited several reasons as the basis for the adverse credibility finding, including inconsistency with plaintiff's reported daily activities and a lack of support from the medical record. (*Id.* at 29–31.) Additionally, the ALJ found that plaintiff's wife's (Mary Lutter) testimony was also not credible, as it was not supported by the medical evidence. (*Id.* at 29.) Finally, based on the evidence in the record and the testimony of the VE, the ALJ concluded that plaintiff was capable of performing some of his past relevant work as a small products assembler, a mobile home builder, and an RV service technician. (*Id.* at 31.)

Despite this finding, the ALJ alternatively made the following findings for step five of the sequential evaluation process. (*Id.* at 32.) Relying on the testimony of the VE, the ALJ

determined that the claimant's age, education, work experience, and RFC would allow him to perform occupations existing in significant numbers in the national economy, such as: patient transporter, linen room attendant, and change person. (*Id.* at 33.) Accordingly, the ALJ held that plaintiff was not disabled and denied his SSDI claim. (*Id.*)

**C. Substantial evidence supports the ALJ's finding at step two that plaintiff's mental impairment is non-severe.**

The ALJ determined that while there is objective medical evidence that plaintiff was evaluated and treated for depression, any mental impairment is non-severe. (*Id.* at 27–28.) Plaintiff argues that the ALJ failed to properly consider the medical evidence in determining whether plaintiff's medically determinable impairment is severe. (ECF No. 16 at 12). Defendants assert that substantial evidence does support the ALJ's finding that plaintiff's mental impairment is non-severe. (ECF No. 21 at 4.)

"An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 CFR § 404.1521(a). While plaintiff argues that the ALJ failed to consider the record as a whole in determining whether or not plaintiff suffers from a severe or non-severe impairment, plaintiff fails to address if and how such an impairment would affect his ability to work. Further, while the record certainly demonstrates that plaintiff received six months of treatment for depression, the record does not support a finding of a severe impairment. Plaintiff's treatment for depression began in October 2014, when the clinician prescribed citalopram, an anti-depressant, and ended in March 2015. (AR at 409, 428.) Throughout his treatment, plaintiff addressed his feelings in relation to his anxieties regarding his upcoming heart surgery (*Id.* at 424), sadness over the death of his dog (*Id.* at 420), distrust of other people as it related to his post-traumatic stress disorder, (*Id.* at 19), anger management issues, and anger in dealing with his Hepatitis C diagnosis (*Id.* at 411). Notwithstanding this, no clinician ever suggested that plaintiff suffered any limitations as a result of his mental health. Therefore, substantial evidence supports the ALJ's finding that plaintiff's mental impairment is non-severe.

**D. The ALJ permissibly discounted plaintiff's subjective testimony.**

Plaintiff additionally argues that the ALJ erred in failing to properly evaluate his subjective complaints. (ECF No. 16 at 15.) The ALJ articulated five main reasons for discounting plaintiff's subjective complaints. (*See* AR 28–31.) Plaintiff disagreed with the ALJ's analysis of the following: (1) the extent of plaintiff's daily activities; (2) his infrequent trips to the doctor; (3) control of his symptoms through treatment; (4) lack of aggressive treatment; and (5) work history. (ECF No. 16 at 15–18.) The court considers each in turn.

First, plaintiff's daily activities are a clear and convincing reason to find plaintiff less credible. The Ninth Circuit has warned ALJs to "be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison*, 759 F.3d at 1016. Still, a claimant's daily activities may support an adverse credibility finding where the activities contradict his or her testimony, as they do here. *Orn*, 495 F.3d at 639. Plaintiff reported and testified that he can perform self-care, perform light household chores, drive and prepare simple meals. (AR at 29, 51–52.) Plaintiff also asserted that he spends much of the day laying down and that simply drying off after taking a shower causes shortness of breath. (*Id.* at 29, 51, 69.) The ALJ reasonably found that plaintiff's alleged activities and limitations were not fully credible because they are more severe than expected in light of the objective evidence in the record. (*Id.* at 30).

Second, the ALJ found that plaintiff's infrequent trips to the doctor were inconsistent with a claim for disability. (*Id.* at 30.) Plaintiff challenges this point by alleging that new and material evidence has been submitted to the Appeals Council and is now a part of the Administrative Record. (ECF No. 16 at 16.) At any time, a court may "order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g). "New evidence is material if it bear[s] directly and substantially on the matter in dispute, and if there is a reasonabl[e] possibility that the

new evidence would have changed the outcome of the . . . determination." *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001), as amended (Nov. 9, 2001) (quoting *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984) (internal quotation marks and citations omitted) (emphasis omitted). Plaintiff's introduction of additional medical records dated after the ALJ's decision does not constitute good cause, as plaintiff needed to demonstrate the existence of his alleged disability from the onset date to the hearing in front of the ALJ. Notwithstanding this, plaintiff has failed to argue how such evidence is material and would have affected the outcome of the ALJ's determination. Therefore, the ALJ's determination is supported by substantial evidence and no grounds exist to order the Commissioner of Social Security to review the additional evidence submitted.

Third, plaintiff argues that a treatment note (AR 565) dated February 1, 2016 identifying plaintiff's utilization of two liters of an oxygen tank undermines the ALJ's determination that plaintiff's condition was stable. (ECF No. 16 at 17.) However, a treatment note dated February 4, 2016 explicitly states that plaintiff's "respiratory status is stable." (AR 594). Plaintiff provides no additional grounds to contest the ALJ's determination of plaintiff's stable conditions. Accordingly, substantial evidence supports the ALJ's finding in this matter.

Fourth, the ALJ permissibly cited the conservative nature of plaintiff's treatment. Plaintiff challenges the ALJ's finding of lack of aggressive treatment on the grounds that epidural injections, pain medications, and physical therapy were prescribed. (ECF No. 16 at 17.) Plaintiff asserts that "[t]he ALJ's decision lacks logic and rationality." (*Id.*) Plaintiff's argument fails to account for the whole of the ALJ's argument and mischaracterizes the ALJ's decision. The ALJ meticulously discussed the findings of plaintiff's medical consultants and appropriately concluded that plaintiff's alleged severe symptoms do not support the objective evidence in the record. (AR 29–31.) For example, while the ALJ discussed a physical examination on November 13, 2013 disclosing lumbar tenderness and decreased range of motion, the remainder of the findings from the physical examination were otherwise unremarkable. (*Id.* at 30). Furthermore, the records submitted after the ALJ's determination are consistent with this finding. On February 4, 2016 a physician at the Sierra Regional Spine Institute opined that plaintiff "is an

awake, alert, thin gentlemen in no acute distress" and "[h]is gate, without a cane, is steady". (*Id.* at 594.) Thus, substantial evidence supports the ALJ's determination.

Finally, plaintiff contends that the ALJ erred by not citing plaintiff's positive work history as a credibility factor. Specifically, plaintiff argues that "[a]llowing ALJ's to take note of a lack of work history as reason to find a claimant not credible, but then ignore a positive work history allows for a misapplication of the Commissioner regulations." (ECF No. 16 at 18.) The court finds this argument lacking. Even though the ALJ did not discuss plaintiff's positive work history, the ALJ presented alternative bases for discounting the claimant's testimony. Therefore, the lack of consideration of plaintiff's positive work history, if erroneous, is harmless. *Batson v. Comm'r of Soc. Sec. Admin*, 359 F.3d 1190, 1197 (9th Cir. 2004) (finding harmless error where the record did not support one of the ALJ's several reasons for an adverse credibility finding).

## IV. CONCLUSION

The ALJ did not err in her assessment of plaintiff's mental impairments or plaintiff's credibility. The court recommends that plaintiff's motion for remand (ECF No. 16) be denied and that defendant's cross-motion to affirm (ECF No. 21) be granted.

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Local Rule IB 3-2, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for remand or reversal (ECF No. 16) be **DENIED** and defendant's cross-motion to affirm (ECF No. 21) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**: August 9, 2017.

_____
**UNITED STATES MAGISTRATE JUDGE**